NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARK GERAGHTY WONDERS,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2016-1847

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-13-0055-B-1.

---

Decided: September 9, 2016

---

MARK GERAGHTY WONDERS, Ozark, AL, pro se.

CHRISTOPHER L. HARLOW, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CLAUDIA BURKE, ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER.

---

Before MOORE, TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

Mark Geraghty Wonders worked for the Department of the Army, holding a position that required him to have a security clearance. The Army revoked his security clearance in 2010 and thereafter fired him. After unsuccessfully challenging the clearance revocation within the Department of Defense, Mr. Wonders sought review by the Merit Systems Protection Board, alleging procedural violations in the Army's initial revocation process. The Board, though it found procedural violations, concluded that the violations were harmless, and it therefore sustained the Army's removal of Mr. Wonders from employment. We affirm.

## BACKGROUND

Mr. Wonders was employed by the Army as a Public Affairs Specialist at Fort Rucker, Alabama. On October 7, 2010, the Army's Consolidated Adjudications Facility (CAF) sent him a letter, accompanied by a statement of reasons, stating its intent to revoke his security clearance. Eight months later, on June 9, 2011, the CAF revoked the clearance.

Mr. Wonders requested a hearing before the Defense Office of Hearings and Appeals (DOHA). After reviewing the evidence, without deference to the CAF, the administrative judge of DOHA recommended that the Army reinstate Mr. Wonders's clearance. The administrative judge also discussed two circumstances raising related "procedural issues." J.A. 35. The first was that not until shortly before the DOHA hearing did the Army identify, and furnish to Mr. Wonders, the documents the CAF had relied on in revoking his clearance. The second involved one particular document, whether or not the CAF relied on it: the Army had not given Mr. Wonders, during the CAF's proceedings, a revocation-favoring letter that his commander had sent to the CAF. By the time of the

DOHA hearing, Mr. Wonders had the evidence that was the subject of both procedural issues.

The Personnel Security Appeals Board (PSAB) considered the DOHA judge's recommendation, but it drew a different conclusion. On August 9, 2012, it denied Mr. Wonders's appeal from the clearance revocation. The Army then fired him, because a security clearance was necessary for his position.

Mr. Wonders appealed his termination to the Merit Systems Protection Board. After the administrative judge affirmed the Army's decision, *Wonders v. Dep't of the Army*, No. AT-0752-13-0055-I-1, 2013 WL 6225536 (MSPB May 3, 2013), the Board found that the Army violated its own regulations during the CAF adjudication. *Wonders v. Dep't of the Army*, No. AT-0752-13-0055-I-1, 2014 WL 5319821 (MSPB June 25, 2014). The two violations found were a failure by the CAF to provide Mr. Wonders all the releasable documents the CAF relied on for the clearance-revocation decision and the CAF's consideration of the commander's letter without giving Mr. Wonders an opportunity to rebut what the letter said. The Board remanded the case for the Board's administrative judge to conduct a harmless-error hearing, *i.e.*, to determine whether the Army would have reached a different clearance-revocation decision had those violations not occurred.

On remand, the administrative judge conducted a hearing and determined that the procedural errors were harmless, because the errors had been identified, discussed, and analyzed by the DOHA judge and the PSAB, which made the ultimate revocation decision, was fully aware of the issues and their potential impact on Mr. Wonders's case. *Wonders v. Dep't of the Army*, No. AT-0752-13-0055-B-1, 2015 WL 5122826 (MSPB Aug. 26, 2015). On March 22, 2016, the Board affirmed the administrative judge's decision. *Wonders v. Dep't of the*

*Army*, No. AT-0752-13-0055-B-1, 2016 WL 1118749 (MSPB Mar. 22, 2016).

Mr. Wonders appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Terban v. Dep't of Energy*, 216 F.3d 1021, 1024 (Fed. Cir. 2000). The only challenge presented to us is the challenge to the clearance revocation; there is no separate challenge to removal if the revocation is proper. When reviewing an agency decision to revoke a security clearance, the Board and this court may not inquire into the substantive merits of the determination. *See Dep't of Navy v. Egan*, 484 U.S. 518, 529–32 (1988); *Cheney v. Dep't of Justice*, 479 F.3d, 1343, 1349–50 (Fed. Cir. 2007). Inquiry is limited to "determin[ing] whether a security clearance was denied, whether the security clearance was a requirement of the appellant's position, and whether the [applicable procedural guarantees] were followed." *Hesse v. Dep't of State*, 217 F.3d 1372, 1376 (Fed. Cir. 2000). Here, only the procedural guarantees are at issue.

Procedural protections include those prescribed in 5 U.S.C. § 7513, *see Hesse*, 217 F.3d at 1376, and in agency regulations, *Romero v. Dep't of Defense*, 527 F.3d 1324, 1328 (Fed. Cir. 2008). The Board found violations of procedural regulations, and the Army, on appeal here, accepts the finding of such violations. The dispute on appeal is over the Board's finding of harmless error as a basis for nevertheless sustaining the clearance revocation.

The clearance-revocation decision is subject to the harmless-error standard of 5 U.S.C. § 7701(c)(2)(A) when a removal based on a clearance revocation is challenged for procedural error in the revocation process. *Romero,* 527 F.3d at 1328–30. Mr. Wonders had to show "harmful error in the application of the agency's procedures in arriving at" the revocation decision. 5 U.S.C. § 7701(c)(2)(A). Harmful error is an "[e]rror by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error." 5 C.F.R. § 1201.4(r). Mr. Wonders had the burden to show such error by a preponderance of the evidence. *Id.* § 1201.56(c)(1); *see Romero*, 527 F.3d at 1330 & n.2.

Here, the Board had an ample basis for concluding that Mr. Wonders failed to make that showing. The record supports the finding that Mr. Wonders received the missing evidence—the basis for the procedural violations found—before his DOHA hearing. The CAF provided Mr. Wonders the documents supporting its determination and the commander's letter—and also certain allegedly exculpatory documents he cites in this court—before the DOHA hearing took place. Thus, the Board could reasonably conclude that he had the opportunity to address all of those documents in front of the DOHA judge and, then, in front of the PSAB. Both the DOHA and, crucially, the PSAB—the ultimate decision-maker about the clearance revocation—considered the documents without giving any deference to the CAF. The Board's finding that the procedural violations were not harmful is reasonable given that the ultimate decision-maker found revocation warranted, without deference to the CAF, once the procedural violations had been cured by furnishing the evidence to Mr. Wonders.

CONCLUSION

For the foregoing reasons, we affirm the decision of the Board.

**AFFIRMED**